OMOTAYO MEBUDE, ESQ
LAW OFFICES OF OMOTAYO MEBUDE
ATTORNEY FOR THE PLAINTIFFS
1139 E. JERSEY STREET, STE 601
ELIZABETH, NJ 07201
(908) 352-4700

IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

ERNEST JEAN-LOUIS
DAVID JEAN-LOUIS
JEAN DESIR                                      INDEX NO.
EDNY JUAN BAPTISTA
EDNY JUAN BAPTISTA for himself and as parent
and natural guardian of AMINA JASMINE BAPTISTA      **COMPLAINT**
a minor,
YEDAH DESIR
CEDELIE POMPEE
ANEZE JEAN-LOUIS

PLAINTIFFS

-VS-

DETECTIVE 1 MICHAEL CLIFFORD, (A State of New Jersey Police Officer)
SERGEANT GLEN SZENZENSTEIN, (A State of New Jersey Police Officer)
TROOPER 1 ROBERT CRUTCHLEY (A State of New Jersey Police Officer)
TROOPER 1 BRIAN De ANGELO (A State of New Jersey Police Officer)
TROOPER 1 JOHN EUSTACC (A State of New Jersey Police Officer)
TROOPER 11 CHRISTIAN DREYER (A State of New Jersey Police Officer)
TROOPER 11 KEVIN WALSH (A State of New Jersey Police Officer)
TROOPER CHRISTOPHER FOWLER (A State of New Jersey Police Officer)
TROOPER DOUGLAS LEMANOWICZ (A State of New Jersey Police Officer)
JOHN DOE (A State of New Jersey Police Officer)
NEW JERSERY STATE POLICE

Defendants

_____x

COMPLAINT

Plaintiffs ERNEST JEAN-LOUIS, DAVID JEAN-LOUIS, EDNY JUAN BAPTISTA, EDNY JUAN BAPTISTA for himself and as parent and natural guardian of AMINA JASMINE BAPISTA (a minor), JEAN DESIR, YEDAH DESIR, ANEZE JEAN-LOUIS, and CEDELIE POMPEE and for their complaint against defendants allege as follows:

INTRODUCTION

1.    On Tuesday August 23, 2005, Plaintiffs Ernest Jean-Louis, David Jean-Louis, Jean Desir, Edny Juan Baptisita, Amina Jasmine Baptista and Yedah Desir were peacefully enjoying the privacy of their own homes when black-masked, black-helmeted men brandishing automatic weapons and wearing all black uniforms with no insignias suddenly burst into the house, forcibly entered every room in the plaintiffs' residence ordered the families to "get on the fucking floor" held every one at gunpoint, searched the entire house damaged plaintiffs' properties, desecrated plaintiffs' private areas of worship, and falsely imprisoned them.

2.    The perpetrators of these lawless actions are defendants in this law suit, and are members/ agents of the New Jersey State SWAT team, New Jersey State Police, and Drug Law Enforcement Agents (DEA agents are yet to be joined in this action), all of whom acted without a warrant and without any other legal authority. Plaintiffs file this action seeking compensatory, and punitive damages for this flagrant violation of their constitutional rights.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution and Laws of the United States, including Bivens v-Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971), and 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§1331, 1367 and 1343.

4.      Venue is proper in the District of New Jersey because all of the events and omissions giving rise to these claims occurred in the District of New Jersey 28 U.S.C. S 1391 (b)

## PARTIES

5.      At the time of the incident described in this complaint, Plaintiff Ernest Jean-Louis was 50 years old working with Lucky Tours Bus Driving Company, E. Orange, New Jersey.

6.      At the time of the incident described in this complaint, Plaintiff David Jean-Louis, son of Plaintiff Ernest Jean-Louis was 18 years old who just finished High School.

7.      At the time of the incident described in this complaint, Plaintiff Jean Desir was 22 years old and a student of Essex County College.

8.      At the time of the incident described in this complaint plaintiff Yedah Desir was 21 years old and a student of Essex County College.

9.      At the time of the incident described in this complaint Plaintiff Edny Juan Baptista was 20 years old and student of Essex County College.

10. At the time of the incident described in this complaint, Plaintiff Amina Jasmine Baptista was 3 years old and daughter of Plaintiff Edny Juan Baptista

11. At the time of the incident described in this complaint Plaintiff Aneze Jean –Louis was and still is the wife of plaintiff Ernest Jean-Louis and mother of Plaintiff David Jean-Louis.

12. At the time of the incident described in this complaint Plaintiff Cedelie Pompee is the mother of Plaintiffs Jean Desir and Yedah Desir and the owner of the property at 27-29 Smith Street, Newark, New Jersey 07106.

13. At all times relevant to this complaint, all Plaintiffs were residents of 27-29 Smith Street, Newark New Jersey, 07106, and are citizens of the United States.

14. Defendants DETECTIVE 1 MICHAEL CLIFFORD, SERGEANT GLEN SZENZENSTEIN, TROOPER 1 ROBERT CRUTCHLEY, TROOPER 1 BRIAN De ANGELO, TROOPER 1 JOHN EUSTACC, TROOPER 11 CHRISTIAN DREYER, TROOPER 11 KEVIN WALSH, TROOPER CHRISTOPHER FOWLER, TROOPER DOUGLAS LEMANOWICZ, were duly appointed and sworn police officers working for the New Jersey State police. They are all sued individually and in their official capacities. In the course of carrying out the actions and omissions that violate the rights of the plaintiffs, all the defendants wore black masks and concealed their identities.

15. Defendant "John Doe" is sued as "John Doe" because his/her identity is currently unknown as s/he was communicating with all the defendants and

directing them as to what to do from an unknown location outside plaintiffs' residence.

16.    At all times relevant to this complaint Defendants "John Doe" is a duly appointed and sworn police officer working for the New Jersey State Police. S/he is sued individually, and in his/her official capacity. In the course of carrying out the actions and omissions that violate the rights of the Plaintiffs all the Defendants, except Defendant "John Doe" wore black masks and concealed their identities.

17.    Defendant New Jersey State Police is an entity created under the law of the State of New Jersey. It is empowered under the laws of the State of New Jersey to carry out law enforcement activities.

18.    All Defendants acted under color of State law.

<u>FACTUAL ALLEGATIONS</u>

19.    Upon information and belief, the events described in this complaint were the subject of a series of briefings and meetings that occurred between August 16, 2005 and August 22, 2005, or thereabout. On information and belief, most if not all of the Defendants together with some members of the Federal Drug Enforcement Administration (DEA) participated in, or were represented at these briefings. Upon information and belief, all Defendants were informed at these briefings that there was no search warrant for the residence of the Plaintiffs. Alternatively, the Defendants knew or should have known that there was no search warrant for the residence of the Plaintiffs.

20.     On August 23, 2005, the Plaintiffs, except for Plaintiffs Cedelie Pompee and Aneze Jean-Louis were enjoying a quiet Tuesday afternoon in their homes. Plaintiff Yedah Desir was to studying for a test at school. Plaintiff Edney Juan Baptista was taking care of his daughter, Amina Jasmine Baptista. Plaintiff Ernest Jean Louis was relaxing at home. Plaintiffs David Jean-Louis and Jean Desir were having one of their regular daily devotions in their designated worship area.

21.     Suddenly, the Defendants, among whom were members of the New Jersey State Police SWAT team and agents of the Federal Drug Enforcement Administration stormed the home of the Plaintiffs, kicking down doors, damaging personal and real properties, waving guns and ransacking their apartments. The said Defendants rained curses on frightened and defenseless Plaintiffs with Plaintiff Amina Jasmine Baptista crying ceaselessly. Without any form of decency and respect for the Plaintiffs, the said defendants repeatedly shouted out vulgarities at the plaintiffs by ordering them to "get on the fucking floor… get on the fucking floor".

22.     The said Defendants who came to the Plaintiffs home were working under the direction of Defendant "John Doe" another police officer, whose name is presently unknown. The Defendants in the Plaintiffs' residence continued to maintain contact with Defendant "John Doe" who was outside plaintiffs' residence and vicinity, via radio.

23.     One of the Defendants hit Plaintiff David Jean-Louis who offered no resistance with the "butt "of his gun and ordered him to get on the fucking floor"

and ordered that none of the Plaintiffs who were at home at that time should get up from the floor.

24.    The said Defendants in the Plaintiffs' residence continued to terrorize the plaintiffs, and held them at gunpoint, despite the fact that Plaintiffs offered no resistance and complied with all orders.

25.    All the Defendants were operating under the authority of, and or in conjunction with the New Jersey State Police and Drug Enforcement Administration (DEA). None of the intruders offered any information about their identity.

26.    The Defendants that broke into Plaintiff's residence conducted a search on the plaintiff residence, ransacking plaintiff's bedroom and living rooms, by moving their furniture, turned over beds, threw cushions off couches, went through drawers and generally overturned their home.

27.    Plaintiff Edny Juan Baptista asked twice to see a warrant but the Defendants ordered him to "shut the fuck up".

28.    Defendants had no search warrant or any other legal authority for their actions.

29.    Defendants found no drugs, illegal weapons or any other contraband in Plaintiffs home.

30.    About 45 minutes after the Defendants commenced their illegal activity at the residence of the Plaintiffs, the exercise was called off with an explanation that they went to the wrong residence. This was after they had humiliated,

degraded, assaulted, terrorized and falsely imprisoned the Plaintiffs and desecrated their worship areas in their homes.

31. As a direct and proximate result of the Defendants' actions, Plaintiffs suffered and continues to suffer emotional and other injuries, some or all of which may be permanent.

32. The illegal search, seizure, false imprisonment, degradation, and humiliation of the Plaintiffs without any legitimate cause or justification, and were intentional, malicious, reckless and in bad faith.

33. As a direct and proximate result of the defendants' actions, Plaintiffs suffered and continue to suffer mental anguish, reputational injury, psychological and emotional distress, with physical pain and suffering, some or all of which may be permanent.

34. As a direct and proximate result of the Defendants' actions, Plaintiffs have lived in terror of this attack, and continue to suffer from nightmares, and are fearful of going outside and when they see the police. The Plaintiffs suffer various emotional attacks and have not been able to function normally.

35. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the Laws of the State of New Jersey.

36. Defendant New Jersey State Police, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers,

including the defendants in this case for violations of the constitutional rights of citizens, thereby causing police, including Defendants in this case to engage in unlawful conduct.

37.    Defendant New Jersey State Police, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of, and subsequently concealed violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

38.    The actions of Defendants acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their persons and properties, to be free from excessive use of force, abuse of process, and to due process.

39.    By these actions, Defendants deprived Plaintiffs of rights secured by Fourth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. Section 1983.

40.    In carrying out the foregoing actions, all Defendants acted in concert.

## FIRST CLAIM FOR RELIEF

41.    The allegations of paragraph 1-40 are incorporated by reference as though fully se forth herein.

42.    The Defendants knew that they had no warrant or other lawful authority to enter or search the Plaintiffs nor their homes, nor any warrant or other lawful authority to falsely imprison the Plaintiffs.

43.    The Defendants agreed and conspired to violate the constitutional rights of the Plaintiffs by carrying out the actions described herein, including, but not limited to, entering and searching the Plaintiffs' home illegally, assaulting, degrading, insulting, and falsely imprisoning them without lawful authority.

44.    By conspiring with law enforcement officials who were acting under color of State law and by causing Plaintiffs to be held against their wills, all Defendants acted under color of State law.

45.    Defendants "John Doe" is responsible for the actions of the on-the scene Defendants, over whom s/he had supervisory authority. On information and belief, s/he knowingly authorized the illegal actions beforehand.

46.    The Defendants committed overt acts in furtherance of their agreement including but not limited to their unreasonable entry into Plaintiff's home, their assault and degradation of Plaintiffs, in addition to Plaintiffs' detention at gunpoint, and the illegal search of Plaintiffs' homes and desecration of their place of worship.

47.    The Defendants Police officers acted under the pretense and color of State law and in their individual and official capacities and within the scope of their respective employment as New Jersey State Police officers. Said acts by Defendants New Jersey Police officers were beyond their jurisdiction, without

authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

48.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

49.    Wherefore, plaintiffs, except Aneze Jean-Louis and Cedelie Pompee, respectfully request an award of compensatory and punitive damages; an award of attorney's fees and costs; and all other relief to which Plaintiffs are entitled by law.

<u>SECOND CLAIIM FOR RELIEF</u>
(Fourth Amendment –Unreasonable search and Seizure)

50.    The allegations of paragraphs 1-49 are incorporated by reference as though fully set forth herein.

51.    The fourth amendment protects the right of all the plaintiffs to be secure in their homes and persons, and to be free of unreasonable searches and seizures.

52.    Defendants entered and searched the Plaintiffs' homes and seized each member of the families (except Plaintiffs Aneze Jean-Louis and Cedelie Pompee), without a warrant and without any other lawful authority, in violation of the Fourth Amendment.

53.    The Defendants also conducted their entry and search in an unreasonable manner, by, for example, entering with guns drawn and without knocking and announcing, and by terrorizing the Plaintiffs (except Plaintiffs Aneze Jean-Louis and Cedelie Pompee) with automatic weapons and holding them at gunpoint.

54.    Defendant "John Doe" is responsible for the actions of the on-the scene defendants, over whom s/he had supervisory authority. On information and belief, s/he knowingly authorized the illegal actions, beforehand.

55.    Wherefore, all the Plaintiffs, except Aneze Jean-Louis and Cedelie Pompee, respectfully request an award of compensatory and punitive damages; an award of attorney's fees and costs; and all other relief to which plaintiffs are entitled by law.

THIRD CLAIM FOR RELIEF
Assault and Battery

56.    Plaintiff DAVID JEAN-LOUIS restates the allegations of paragraphs 1-55 are incorporated by reference as though fully set forth herein

57.    In striking Plaintiff David Jean-Louis, the Defendants acting in their capacities as New Jersey State Police officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon Plaintiff David Jean-Louis.

58.    The assault and battery by the Defendants New Jersey State Police officers or any other defendants herein is unnecessary and unwarranted, in the performance of their duties and constituted unreasonable and excessive use of force.

59.    Defendants, their agents, officers, servants, and employees were responsible for plaintiff DAVID JEAN-LOUIS assault and battery. Defendant New Jersey State of Police as employer of each of the New Jersey State Police officers Defendants is responsible for their wrongdoing under the doctrine of respondeat superior.

60.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff David Jean-Louis sustained the damages hereinbefore stated.

61.    Wherefore, Plaintiff David Jean-Louis seeks an award of compensatory damaged; an award of attorney's fees and costs; and all other relief to which plaintiff is entitled by law.

<u>FOURTH CLAIM FOR RELIEF</u>
<u>False imprisonment—all defendants</u>

62.    The allegations of paragraphs 1-61 are incorporated by reference as though fully set forth herein.

63.    The Defendants New Jersey State Police officers wrongfully and illegally detained the Plaintiffs.

64.    The false imprisonment of the Plaintiffs was carried out a valid warrant or Plaintiffs' consent and without probable cause or reasonable suspicion.

65.    At all relevant times, the New Jersey State Police officers defendants acted forcibly in apprehending, and detaining and falsely imprisoning the Plaintiffs.

66.    During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained and threatened.

67.    Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably deprived of their liberty and falsely imprisoned.

68.    All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

69.    Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and false imprisonment during this period of time. Defendant New Jersey State Police, as the employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

70.    As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiffs sustained the damages hereinbefore stated.

FIFTH CLAIM FOR RELIEF
Infliction of Emotional Distress—All Defendants

71.    The Plaintiffs hereby restate the allegations of paragraphs 1-70 and are incorporated by reference as though fully set forth herein.

72.    Plaintiffs emotional distress has damaged their personal, professional and/or student lives because of the severe mental pain and anguish which were

inflicted through deliberate, malicious, reckless, or negligent violation of plaintiffs' rights by Defendants Officers.

73.    Defendants, their officers, agents, servants, and employees were responsible for the infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants Officers. Defendant New Jersey State Police, as employers of the Defendants Officers, is responsible for their wrong doing under the doctrine of respondeat superior.

74.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs, except Aneze Jean-Louis and Cedelie Pompee, sustained the damages hereinbefore stated.

<u>SIXTH CLAIM FOR RELIEF</u>
Negligent and Retention of Employment Services-against Defendant New Jersey State Police

75.    Plaintiffs restate the allegations of paragraphs 1-74 and are incorporated by reference as though fully set forth herein.

76.    Upon information and belief, Defendant New Jersey State Police owed a duty of care to Plaintiffs to prevent the physical and mental abuse sustained by the Plaintiffs.

77.    Upon information and belief, Defendant New Jersey State Police owed a duty of care to Plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiffs or to those in like situation would probably result from this conduct.

78.   Upon information and belief, Defendant New Jersey State Police knew or should have known through the exercise of reasonable diligence that the Officers Defendants were potentially dangerous and negligent in the performance of their duties.

79.   Upon information and belief, Defendant New Jersey State Police's negligence in hiring and retaining the officers Defendants proximately cause Plaintiffs' injuries.

80.   Upon information and belief, because of the defendant New Jersey State Police negligent hiring and retention of the afore-mentioned Officers Defendants, Plaintiffs incurred significant and lasting physical and mental injury.

SEVENTH CLAIM FOR RELIEF
Loss of Consortium by Plaintiff Aneze Jean-Louis against all Defendants

81.   The Plaintiff Aneze Jean-Louis hereby restates the allegations of paragraphs 1-80 and they are incorporated by reference as though fully set forth herein.

82.   That at all times herein mentioned Plaintiff Aneze Jean-Louis was the spouse of Plaintiff Ernest Jean-Louis and mother of Plaintiff David Jean-Louis.

83.   That at all times herein mentioned Plaintiff Aneze Jean-Louis resided with injured Plaintiffs Ernest Jean-Louis and David Jean-Louis and as such was entitled to the support and services, society and consortium of the injured Plaintiffs, and prior to the subject occurrence, the injured Plaintiffs enjoyed good health.

84.    That solely by reason of the foregoing, the Plaintiff Aneze Jean-Louis was deprived of the support, services, society and consortium of the injured Plaintiffs Ernest Jean-Louis and David Jean-Louis, and thus damaged.

<u>EIGHT CLAIM FOR RELIEF</u>
Loss of Consortium by Plaintiff Cedelie Pompee against all Defendants

85.    The Plaintiff Cedelie Pompee hereby restates the allegations of paragraphs 1-84 and they are incorporated by reference as though fully set forth herein.

86.    That at all times hereinbefore mentioned, Plaintiff Cedelie Pompee was and is the mother of Plaintiffs Jean Desir and Yedah Desir.

87.    That at all times herein mentioned Plaintiff Cedelie Pompee resided with injured Plaintiffs Jean Desir and Yedah Desir and as such was entitled to the support and services, society and consortium of the injured Plaintiffs, and prior to the subject occurrence, the said injured Plaintiffs enjoyed good health.

88.    That solely by reason of the foregoing, the Plaintiff Cedelie Pompee was deprived of the support, services, society and consortium of the injured Plaintiffs Jean Desir and Yedah Desir, and thus damaged.

WHEREFORE, plaintiffs respectfully request judgment against the Defendants as follows:

1.    On the First Cause of Action against all the Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C.  Section 1988;

2.      On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial

3.      On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.      On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officers Defendants in an amount to be determined at trial;

5.      On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officers Defendants in an amount to be determined at trial;

6.      On the Sixth Cause of Action, against the New Jersey State Police, compensatory damages in an amount to be determined at trial;

7.      On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8.      On the Eight Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial.

Plaintiffs hereby demand a trial by a jury of six.

Dated: August 10, 2006

__S_____
Omotayo Mebude, Esq
Plaintiffs' Attorney