NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST JEAN-LOUIS, DAVID JEAN-LOUIS, JEAN DESIR, EDNY JUAN BAPTISTA, EDNY JUAN BAPTISTA for himself and as parent and natural guardian of AMINA JASMINE BAPTISTA a minor, YEDAH DESIR, CEDELIE POMPEE, and ANEZE JEAN LOUIS<br><br>    Plaintiff(s),<br><br>        v.<br><br>MICHAEL CLIFFORD, GLEN SZENZENSTEIN, ROBERT CRUTCHLEY, BRIAN De ANGELO, JOHN EUSTACC, CHRISTIAN DREYER, KEVIN WALSH, CHRISTOPHER FOWLER, DOUGLAS LEMANOWICZ, JOHN DOE 1 (A State New Jersey Police Officer or DEA Agent), JOHN DOE 2 (An agent of the Drug Enforcement Administration), JOHN DOE 3 (An agent of the Drug Enforcement Administration), and NEW JERSEY STATE POLICE<br><br>    Defendant(s). | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-3972 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

   This matter comes before the court upon motion by Federal Defendants John Doe 2 and

John Doe 3 (collectively "Defendants") to dismiss Plaintiffs Ernest Jean Louis, David Jean-

Louis, Jean Desir, Edny Juan Baptista, for himself and as parent and natural guardian of Amina

Jasmine Baptista, a minor, Yedah Desir, Cedelie Pompee, and Aneze Jean-Louis's (collectively

"Plaintiffs") Complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(1) and FED R. CIV. P. 12(b)(6) and upon Plaintiffs' motion to file a second amended complaint.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the parties' submissions, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted** in part and **denied** in part. Further, Plaintiffs' cross motion to file a second amended complaint is **granted**.

## I.    BACKGROUND[1]

Plaintiffs allege that on the night of Tuesday August 23, 2005, Defendants forcibly entered their home wearing unmarked black uniforms, black masks, and black helmets and carrying automatic weapons. Upon entering, Defendants ordered Plaintiffs at gunpoint to "get on the fucking floor" and then proceeded to search Plaintiffs' residence, overturning furniture, damaging personal and real property, desecrating worship areas, and ransacking bedrooms and living rooms. Plaintiffs contend that they were held at gunpoint the entire time although they never offered resistance nor refused to comply with Defendants' commands. Plaintiff David Jean-Louis alleges that he was hit with the "butt" of one of Defendants' guns. The search ceased after approximately 45 minutes with Defendants finding no drugs, illegal weapons, or other contraband in Plaintiffs' home. Defendants exited the home claiming they had gone to and searched the wrong residence.

Defendants are members of the New Jersey State SWAT team which consists of New Jersey State Police officers and agents of the Drug Enforcement Administration (DEA). Plaintiffs allege that the events of August 23, 2005 were the result of a series of briefings that occurred between August 16, 2005 and August 22, 2005 of which Defendants took part. Plaintiffs claim that

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Defendants were informed at these briefings or knew or should have known that there was no search warrant for Plaintiffs' residence.

On November 21, 2005, Plaintiffs filed administrative tort claims with the DEA pursuant to the Federal Tort Claims Act. On January 30, 2007, the DEA denied Plaintiffs' claims via letter. The letter indicated that Plaintiffs had 6 months from the date of the letter to file a claim in Federal District Court. Plaintiffs commenced the current action on August 14, 2007.

## II. STANDARDS OF REVIEW

### A. 12(b)(1)

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 13 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff. Med Soc'y of N.J. v. Herr, 191 F. Supp 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F. 3d 169, 176, 178 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicated the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n. 6).

3

**B.    12(b)(6)**

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King Spalding, 467 U.S. 69, 73 (1984). In Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S., at 45-4 6.). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. At 1965.

Pursuant to FED. R. CIV. P. 12(b)(6), relief cannot be granted to Plaintiffs on their § 1983 claims because Defendants are federal employees and are, therefore, immune to such law suits under principles of sovereign immunity.

Pursuant to FED R. CIV. P. 12(b)(6), Defendants' motion to dismiss Plaintiffs' Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") claims is moot because the complaint on which that motion was made is no longer the operative complaint.

**C.    Amending the Complaint**

Pursuant to FED. R. CIV. P. 15(a), leave to amend pleadings "shall be freely given when

justice so requires." While leave to amend is within this Court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Foman, 371 U.S. at 182).

At issue on this motion to amend is whether the proposed amendments are "futile," meaning "that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. In assessing whether Plaintiffs' amendments would be futile, this Court must utilize "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. Specifically, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). In other words, this Court must determine whether the inclusion of new facts or allegations "would change the analysis underpinning [the] Court's dismissal." Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

## III. DISCUSSION

### A. FTCA Claims

Plaintiffs contend, in opposition to Defendants' motion to dismiss, that the FTCA is irrelevant to this motion because Plaintiffs are alleging they are the victims of constitutional torts rather than common law torts. Counts Three, Four, Five, Seven, and Eight, however, allege assault and battery, false imprisonment, intentional infliction of emotional distress, and loss of consortium, all of which are common law torts. The constitutional torts are alleged in other counts of the

5

complaint. Also, Plaintiffs filed administrative tort claims pursuant to the FTCA with the DEA. Therefore, the FTCA is relevant to this motion.

A suit against federal agents, like the Federal Defendants in this case, brings with it issues of sovereign immunity. "As sovereign, the United States, in the absence of its consent, is immune from suit." Library of Congress v. Shaw, 478 U.S. 310, 315 (1986). "Sovereign immunity is jurisdictional in nature... and the 'terms of [the United States] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing U.S. v. Sherwood, 312 U.S. 584, 586 (1941)). Waivers of sovereign immunity thereby consenting to suit against the United States, its agencies, or officials must be authorized by Congress and are meant to be strictly construed. Id. at 318. The FTCA provides remedies for the wrongful or negligent conduct of federal employees acting within the scope of their employment. Osborn v. Haley,127 S.Ct. 881, 888 (2007). The statute, however, only waives sovereign immunity for the United States as a defendant and provides absolute immunity for government officials.

Plaintiffs have sued the Federal Defendants who are federal agents, and not the United States. When a defendant enjoys the protection of sovereign immunity from lawsuits, courts lack subject matter jurisdiction to hear cases brought against such defendants. Therefore, since the Federal Defendants enjoy immunity from FTCA suits and Plaintiffs have not brought suit against the United States, this Court must dismiss Plaintiffs' common law tort claims (Counts Three, Four, Five, Seven, and Eight) pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.

The FTCA provides that "a tort claim against the United States shall be forever barred... unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401.

6

Plaintiffs submitted their administrative tort claims to the DEA in November of 2005. A denial letter was mailed to Plaintiffs by certified mail on January 30, 2007, and therefore, Plaintiffs had until July 30, 2007 to commence action in Federal Court. Plaintiffs did not commence this action until August 14, 2007, beyond the FTCA limitations period. Therefore, even if the United States had been joined as a defendant, Plaintiffs' common law tort claims are barred and must be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

**B.    §1983 Claims**

"No suit may be maintained against any Federal defendant under § 1983 in any case, because that section specifically requires *state action*." Hines v. Social Security Administration, 933 F. Supp. 382, 387 (1995) (emphasis added). Plaintiffs contend that although Defendants are federal agents, they were acting under the color of state law during the events at issue in this case because they were working in conjunction with members of the state police. This argument, however, is inaccurate. The power given to agents of the DEA comes from the DEA itself by federal statute 21 U.S.C. § 878. Included in this statute is the conferment of power to agents to "execute and serve search warrants." § 878(a)(2). Agents are also given power, through 21 U.S.C. § 873 to "enter into contractual agreements with State and local law enforcement agencies to provide for cooperative enforcement and regulatory activities under this Act." Defendants' power to act, to search Plaintiffs' home and cooperate with New Jersey State police, is conferred by federal statute. Therefore, any action taken on the part of the DEA agents is action under federal, not state law.

Plaintiffs also allege that Defendants were acting under color of state law because they conspired with state police acting under the color of state law. Plaintiffs, however, offer no evidence of a conspiracy other than a general allegation that Defendants conspired with state law enforcement

officials. "A complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" Tyson v. Willauer, 2002 WL 31095337 (D. Conn. May 28, 2002) (quoting Brown v. City of Oneonta, 106 F. 3d 1125, 1133 (2d Cir. 1997). Therefore, Plaintiffs' § 1983 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Defendants were acting pursuant to federal law and are therefore immune from such claims.

### C.    **Bivens Claims**

Defendants contend that Plaintiffs' Bivens claims should be dismissed because the Federal Defendants are only sued in their official capacity. As discussed further below, this Court will grant Plaintiffs' leave to amend their complaint. Therefore, the motion, as it pertains to Plaintiffs' Bivens claims is moot because the complaint on which this part of the motion was made is no longer the operative complaint. Therefore, Defendants' motion to dismiss Count Two of the Complaint is **denied**.

### D.    **Amend Complaint**

Here, Plaintiffs seek leave to amend the complaint to clarify the capacity in which the Federal Defendants are sued. In the first amended complaint, the Federal Defendants were sued only in their official capacity and Plaintiffs seek to also include their individual capacity. Allowing Plaintiffs to amend their complaint to include the Federal Defendants in their individual capacity would not be futile. In order for Plaintiffs to bring Bivens claims against the Federal Defendants, they must be sued in their individual capacities. This amended complaint would allow the Bivens claims to stand and not be dismissed on a further 12(b)(6) motion. See Watkins v. Bixler, 2007 WL 2903361, at *3 (M.D. Pa. Sep. 28, 2007). Therefore, this Court must grant Plaintiffs' cross-motion to amend the

complaint.

## IV.    CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Plaintiffs' common law tort claims

for lack of subject matter jurisdiction is **granted**, Defendants' motion to dismiss Plaintiffs' § 1983

claims pursuant to Rule 12(b)(6) is **granted**, Defendants' motion to dismiss Plaintiffs' Bivens claims

is **denied** as moot, and Plaintiffs' cross-motion to amend complaint is **granted**.

Dennis M. Cavanaugh, U.S.D.J.

Date:   August _11_, 2008
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File

9