NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST JEAN-LOUIS, DAVID JEAN-LOUIS, JEAN DESIR, EDNY JUAN BAPTISTA, EDNY JUAN BAPTISTS for himself as parent and natural guardian of AMINA JASMINE BAPTISTA a minor, YEDAH DESIR, CEDELIE, POMPEE, and ANEZE JEAN-LOUIS<br><br>    Plaintiff(s),<br><br>v.<br><br>MICHAEL CLIFFORD, GLEN SZENZENSTEIN, ROBERT CRUTCHLEY, BRIAN DeANGELO, JOHN EUSTACC, CHRISTIAN DREYER, KEVIN WALSH, CHRISTOPHER FOWLER, DOUGLAS LEMANOWICZ, JAMES ALLEVA, ANDREW PACHTMAN, MORGAN YOUNG, and NEW JERSEY STATE POLICE<br><br>    Defendant(s). | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-3972 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants, James Alleva, Andrew Pachtman, and Morgan Young, all of whom are Agents with the United States Drug Enforcement Administration (the "DEA") (the "DEA Defendants") to dismiss Plaintiffs, Earnest Jean-Louis, David Jean-Louis, Jean Desir, Edny Juan Baptista, Amina Jasmine Baptista, Yedah Desir, Cedelie Pompee, and Aneze Jean-Louis's ("Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(1),

12(b)(6), and alternatively for summary judgement pursuant to Fed. R. Civ. P. 56(c). After carefully considering the parties submissions and based upon the following, the DEA Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**.

## I. BACKGROUND

### A. Factual Background

This action arises out of a search of Plaintiffs' home on August 23, 2005. Plaintiffs allege that members of the New Jersey State Police (the "NJSP Defendants") unlawfully entered Plaintiffs' home on August 23, 2005. Plaintiffs allege that during the search of their home, they were assaulted by the NJSP Defendants. The NJSP Defendants allegedly entered Plaintiffs residence with weapons drawn and wearing black uniforms without insignia. The NJSP Defendants searched the entire home, allegedly damaging property and sacred worship space while holding the Plaintiffs at gunpoint. The NJSP Defendants terminated the search after they realized that a mistake had been made and they had entered the wrong residence.

### B. Procedural Background

Plaintiffs commenced this action on August 21, 2006. A year after filing their Complaint, on August 14, 2007, Plaintiffs amended their Complaint to add a new party. In this First Amended Complaint Plaintiffs brought an official capacity suit against two unidentified DEA Agents and one unidentified individual who Plaintiffs designated as being either a New Jersey State Police Officer or a DEA Agent.

After being served with the First Amended Complaint, the federal government on behalf of the unidentified DEA Agents moved to dismiss. In response, Plaintiffs moved to add individual capacity claims against the unidentified DEA Agents. In an Opinion and Order dated August 12,

2008, this Court held that Plaintiffs' claims against the unidentified DEA Agents in their official capacity were not cognizable. Although the Court's August 12, 2008 Opinion and Order granted the government's motion to dismiss, because of Plaintiffs' motion to amend the Complaint to add individual capacity claims, the Court allowed Plaintiffs' to amend their Complaint for a second time.

On August 15, 2008, Plaintiffs filed their Second Amended Complaint naming two John Doe DEA Agents in their individual capacities. On September 20, 2008, Plaintiffs filed their Third Amended Complaint, which for the first time identified the DEA Defendants by name.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Under the liberal notice pleading standard a party is not required to plead facts sufficient to prove its case, but there must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). A pleading that offers labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In Twombly, the Supreme Court established new language for interpreting the pleading standard when it held that a plaintiff was required to plead "enough facts to state a claim for relief that is plausible on its face." Id. at 570. The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id. at 555. Nonetheless, the Supreme Court specified that there is no heightened standard of fact pleading or requirement to plead specifics. Id. at 570. The Supreme Court explains:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 129 S. CT. 1937, 1949 (U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57, 570 (2007) ).

## III. DISCUSSION

The DEA Defendants move to dismiss Plaintiffs' Complaint based on three arguments. The DEA Defendants argue that Plaintiffs' lawsuit is barred by the statute of limitations; that they are immune from suit due to qualified immunity; and, that Plaintiffs' common law tort claims and 42 U.S.C. §1983 claim should be dismissed pursuant to the doctrine of collateral estoppel.

### A.   Statute of Limitations

The DEA Defendants seek to dismiss Count Two of the Complaint, Plaintiffs' Bivens claim, because Plaintiffs' Bivens claim is bared by the statute of limitations.

The applicable statute of limitations is the New Jersey statute of limitations for personal

injury tort actions. See Curbison v. United States Government of New Jersey, 242 Fed. Appx. 806, 809 (3d Cir. 2007); Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987). In the State of New Jersey, the statute of limitations for personal injury is two years. See N.J. Stat. Ann. § 2A:14-2. Because Plaintiffs alleged they were injured on August 23, 2005, the applicable limitations period ended on August 23, 2007.

At issue here is whether Plaintiffs naming of John Doe DEA Agents in the Amended Complaint was sufficient to allow the Third Amended Complaint to "relate back" to the initial Complaint. Fed. R. Civ. P. 15(c) governs the relation back doctrine for Complaints in federal court. Fed. R. Civ. P. 15(c) provides in pertinent part that:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
> (2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 120 days after the Complaint is filed, the court must dismiss the action without prejudice unless the plaintiff shows good cause for the failure, in which case the court must extend the time for service for an appropriate period.

The DEA Defendants argue that they did not receive notice of the action within 120 days of the filing of the original pleading and that they did not know and did not have reason to know that

they would be identified as parties to Plaintiffs' lawsuit. The DEA Defendants rely on <u>Cruz v. City of Camden</u>, wherein the Court found that relation back was not applicable if the plaintiff did not establish that the newly-named defendants received notice of the action within 120 days after the filing of the original pleading. 898 F. Supp. 1100, 1116 (D.N.J. 1995).

Plaintiffs named in their Amended Complaint one John Doe, who Plaintiffs identified as being either a New Jersey State Police Officer or a DEA Agent, and two John Does, who Plaintiffs identified as being a DEA Agents. Plaintiffs, by naming John Doe DEA Agents provided the DEA Defendants with notice that they may be brought into Plaintiffs lawsuit as defendants. Plaintiffs argue that the statute of limitations does not bar their claim because the Third Amended Complaint relates back to the date of the original pleading under Fed. R. Civ. P. 15(c). Plaintiffs argue that the Third Amended Complaint asserts claims that arose out of the conduct, and occurrence "set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs further argue that the DEA Defendants knew or should have known that they were possible parties to the lawsuit because of their involvement in the occurrence at issue.

Plaintiffs first provided notice to the DEA Defendants that they might be named as parties when they filed the First Amended Complaint. The DEA Defendants correctly point out that they were not served until December 18, 2008, three years after Plaintiffs filed the initial Complaint and well over a year after the statute of limitations expired. This notwithstanding, the federal government accepted service of Plaintiffs' First Amended Complaint and filed a motion to dismiss. Pursuant to Fed. R. Civ. P. 15(c)(2), this constitutes notice to the United States Government and its officers. In addition, the Third Amended Complaint names the DEA Defendants and asserts claims against them based on the conduct and occurrence identified in the original Complaint. Accordingly,

the Third Amended Complaint relates back to the original Complaint and the statute of limitations does not preclude Plaintiffs' <u>Bivens</u> claims against the DEA Defendants.

### B.  Qualified Immunity

Government officials are generally "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (Jan. 21, 2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). A plaintiff must satisfy a two part test to defeat a claim of qualified immunity. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). First, a plaintiff must establish that a constitutional right was violated on the facts alleged. <u>Id</u>. Second, a plaintiff must establish that the right violated is "clearly established" so that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted". <u>Id</u>. at 202[1].

The second prong of the <u>Saucier</u> test requires that a plaintiff establish that the constitutional right allegedly violated is "clearly established." <u>Saucier</u> 533 U.S. at 202. Plaintiffs assert that the NJSP Defendants' warrantless search of their home was in violation of their Fourth Amendment rights. Plaintiffs rely on <u>Payton v. New York</u>, wherein the Court found that the Fourth Amendment prohibits a police officer from entering a suspect's home without a warrant. 445 U.S. 573, 586 (1980). It is "clearly established" that individuals have a right to be secure against unreasonable search and seizure, therefore, the second prong of the <u>Saucier</u> test is satisfied.

The first prong of the <u>Saucier</u> test requires a plaintiff to prove that a constitutional right was

---

[1] In applying this two-prong test, the Supreme Court held that while the sequence of inquiries established in <u>Saucier</u> is "often appropriate, it should no longer be regarded as mandatory". Judges of the lower courts should be allowed to determine which prong should be addressed first based on the circumstances of the case at issue. <u>Pearson</u> 129 S. Ct. at 818.

violated on the facts alleged. Saucier 533 U.S. at 201. Here, Plaintiffs argue that their Fourth Amendment right to be secure against unreasonable searches and seizures was violated when the NJSP Defendants entered Plaintiffs' home without a search warrant. The DEA Defendants were allegedly stationed outside Plaintiffs' residence during the search and communicated with the NJSP Defendants inside Plaintiffs' home via radio. Plaintiffs further alleges that the DEA Defendants, participated in a series of meetings regarding the August 23, 2005, search where all Defendants discussed the case and were informed that there was no search warrant to enter Plaintiffs' residence. Plaintiffs claim that a New Jersey State Police Officer named Detective Clifford and the DEA Defendants were the leaders of the unit assigned to execute the search of Plaintiffs' residence. Plaintiffs allege that Clifford drove with one of the DEA Defendants, Agent Pachtman to Plaintiffs' residence and that Pachtman was at the location earlier with the other DEA Defendants.

Based on these allegations, Plaintiffs claim that the DEA Defendants are liable along with the NJSP Defendants for violating their rights as a result of the warrantless search. Plaintiffs cite United States v. Price, wherein the Court held that a person acted "under color of law" when they were a willing participant in joint activity with the State or its agents. 383 U.S. 787, 794 (1966).

The DEA Defendants argue that they never entered Plaintiffs' residence and therefore could not have violated Plaintiffs' constitutional right to be free from unreasonable search and seizure. The DEA Defendants, therefore, argue that they could only be imputed with the NJSP Defendants' actions if Plaintiffs establish that all Defendants conspired to deprive Plaintiffs of their Fourth Amendment rights. The DEA Defendants rely on Adams v. Teamsters Local 115, which held that a party who asserts a conspiracy with state actors to deprive a plaintiff of their constitutional rights must establish each element of a civil conspiracy. 214 F. App'x 167, 172 (3d Cir. 2007). The DEA

Defendants argue that Plaintiffs failed to come forward with any evidence to establish a civil conspiracy. The DEA Defendants assert that the facts pled by Plaintiffs may demonstrate joint activities, but not an agreement between the parties to deprive Plaintiffs of their constitutional rights by unlawfully searching their residence.

Plaintiffs assert that the DEA Defendants 'had supervisory authority" over the NJSP Defendants. The DEA Defendants deny having any supervisory authority. Regardless, it is well established that supervisory liability cannot be imposed in a Bivens action. See e.g., Parker v. United States, 197 Fed. Appx. 171, 173n.1 (3d Cir. 2006) (holding that "liablity under Bivens...may not be based on the doctrine of *respondeat superior*").

The DEA Defendants never entered Plaintiffs' home. Plaintiffs have not adequately alleged that there was a conspiracy, and *respondeat superior* liability cannot be imposed under Bivens. Accordingly, Plaintiffs have not plead that the DEA Defendants violated Plaintiffs' constitutional rights, as required by the second prong of the Saucier test.

Plaintiffs' final argument is that the DEA Defendants unlawfully observed their residence. Even if the DEA Defendants had in fact been conducting visual surveillance of Plaintiffs' residence, Plaintiffs would not be able to defeat a claim of qualified immunity because they failed to adequately plead that the DEA Defendants violated a clearly established right as required by the second prong of the Saucier test. Visual surveillance, even without a warrant or probable cause, is not prohibited by the Fourth Amendment. See e.g., United States v. Knotts, 460 U.S. 276, 281-82 (1983) (holding that the Fourth Amendment is not violated when visual observations takes place from a public place). Accordingly, the DEA Defendants are protected by qualified immunity with respect to Plaintiffs' Bivens claim.

### C. Collateral Estoppel

The DEA Defendants argue that Plaintiffs are collaterally estopped from pursuing Counts One, Three, Four, Five, Seven, and Eight of the Third Amended Complaint. The DEA Defendants argue that estoppel applies because the issues raised by the above listed Counts of the Third Amended Complaint were fully adjudicated by this Court in its August 12, 2008 Opinion. Count One of the Third Amended Complaint raises a right to relief under 42 U.S.C. § 1983. Counts Three, Four, Five, Seven, and Eight raise claims against the federal government and its officers in their official capacity.

Collateral estoppel applies, if four factors are satisfied: 1) the same issue was previously adjudicated; 2) the issue was actually litigated; 3) the determination was necessary to the decision; and 4) the party precluded from relitigating the issue was fully represented in the prior action. Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007).

### 1. Plaintiffs' Common Law Tort Claims

Counts Three, Four, Five, Seven, and Eight of the Complaint were adjudicated by the Court in its August 12, 2008 Opinion. The central issue raised by Counts Three, Four, Five, Seven, and Eight of the Third Amended Complaint is whether the doctrine of sovereign immunity bars common law claims against federal agencies or employees. Jean Louis v. Clifford, No. 06-3972 (D.N.J. filed August 12, 2008). The issue of sovereign immunity was litigated and this Court ruled that federal agencies and employees are immune from common law claims because any such common law claims may only be brought against the United States. Id. at 5-7. As a result, this Court dismissed Plaintiffs common law claims for lack of subject matter jurisdiction. Id. The determination of the sovereign immunity issue was necessary because the Court's dismissal of Plaintiffs' common law

claims was predicated upon the determination of that issue. Lastly, Plaintiffs were fully represented in the prior litigation and remain represented by the same counsel. Accordingly, Plaintiffs are collaterally estopped from pursuing their common law tort claims.

### 2. Plaintiffs' 42 U.S.C. § 1983 Claim

Plaintiffs' Section 1983 claim, Count One of the Third Amended Complaint, was previously adjudicated by this Court in its August 12, 2008 Opinion. In the August Opinion, this Court ruled that the DEA and its officers do not act under color of state law, but rather under the power given to them by federal statute, and therefore are not subject to a Section 1983 claim. This determination was necessary in order for the Court to dismiss Plaintiffs' Section 1983 claim against the federal government in is August 12, 2008 Opinion. Furthermore, Plaintiffs were fully represented in the previous litigation. Accordingly, Plaintiffs' Section 1983 claims are collaterally estopped.

## IV. CONCLUSION

For the reasons stated, the DEA Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:   September _8_, 2009
Orig.:  Clerk's Office
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File